IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DARRIN T. RING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:12-0016 |
| | ) | Magistrate Judge Bryant |
| HUMPHREYS COUNTY, TENNESSEE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| JOSEPH PARNELL, | ) | |
| | ) | |
| Third-Party Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TENNESSEE RISK MANAGEMENT TRUST, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## M E M O R A N D U M

This action is before the undersigned for all further District Court proceedings, pursuant to the consent of all parties. (Docket Entry No. 49)

Currently pending are two motions to dismiss the third-party complaint by third-party defendant Tennessee Risk Management Trust ("TRMT") (Docket Entry Nos. 94 &106), as well as earlier filed cross-motions for summary judgment by TRMT (Docket Entry No. 67) and third-party plaintiff Joseph Parnell (Docket Entry No. 72). Also pending in this third-party action are a joint motion to stay any ruling on the cross-motions for summary judgment pending further discovery related to the motions (Docket Entry No. 86), and a

motion by TRMT to stay ruling on the summary judgment motions pending the Court's ruling on its later-filed motions to dismiss. (Docket Entry No. 108) For the reasons given below, and by Order entered contemporaneously herewith, the motions to stay the Court's ruling on these parties' motions for summary judgment will be GRANTED nunc pro tunc; TRMT's motions to dismiss will be GRANTED in part and DENIED in part, and the motions for summary judgment will be DENIED without prejudice to being re-filed in state court. The Court declines to retain supplemental jurisdiction over this third-party action, and it will be DISMISSED without prejudice to being re-filed in state court.

I.

Procedurally, this third-party action has followed an inverted path to arrive at its present posture: pending review of the viability of the complaint on motions that were filed *after* an as yet unresolved round of motions and briefing on the merits and subsequent settlement of the underlying litigation. It is undisputed that the only remaining claim for adjudication here is Parnell's claim under Tennessee law "for recovery of the attorney's fees, costs and expenses incurred in defending against Ring's claims." (Docket Entry No. 98 at 10) TRMT invokes the now-familiar standard of review for this claim's plausibility on the face of the First Amended Third-Party Complaint, under, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), but then proceeds to raise arguments which do not challenge the facial sufficiency of the third-party complaint's factual allegations. Rather, TRMT argues for dismissal on five grounds, four of which are encapsulated below:

> [P]ursuant to Federal Rule of Civil Procedure 10(c) [TRMT] adopts by reference the legal argument contained within the Motion of Humphreys County to Dismiss Cross Complaint (Docket Entry No. 93) as it pertains to this

> Third Party Defendant. Further, the [TRMT] moves to dismiss the Amended Third Party Complaint in that the Third Party Plaintiff lacks standing to maintain this cause of action. Further, dismissal is sought on the grounds that the entered "Proposed Order of Dismissal with Prejudice with Respect to Cross-Claim of Joseph Parnell Against Humphreys County, Tennessee Only" dated January 9, 2014, resolves all purported claims for indemnification against [TRMT]. Finally, the [TRMT] would request this Honorable Court to decline jurisdiction over the sole remaining claim which is governed by state law.

(Docket Entry No. 106-1 at 2) In addition, TRMT argues that Parnell's claim for defense costs pursuant to TRMT's duty to defend is defeated, as a matter of law, by the Tennessee courts' adherence to the American Rule -- that each party bears its own legal fees and expenses in the absence of a statute or contract specifically providing for such recovery or a recognized ground of equity. Id. at 7-10.

As a preliminary matter, while the Court is mindful of Parnell's argument that, "[i]f the Court determines that it will not address the remaining State-Law issues in this case, it should not address any of them, including [TRMT's] Motion to Dismiss to the extent it is based on an interpretation of State Law" (Docket Entry No. 109-1 at 6), the Court need not delve too deeply into state law to determine that the American Rule is not in play here by reason of the very exception which TRMT highlights in its argument: this is a suit on a contract which specifically provides for the recovery of fees and expenses. Moreover, as a matter of interpretation of this Court's own Order of January 9, 2014, that Order plainly and explicitly reflects the agreement between Parnell and "Humphreys County, Tennessee only" (Docket Entry No. 96 at 1-2) (emphasis supplied) that each party will bear his or its attorneys' fees incurred in the litigation between them, i.e., the litigation of Parnell's cross-claim against Humphreys County, and in no way supports the argument that Parnell has waived by agreement his claim for recovery of costs incurred in defending against Ring's

3

claims against him.

## II.

TRMT argues that Parnell lacks standing to maintain this third-party action. A challenge to a plaintiff's standing is a challenge to the jurisdiction of the court, and must therefore be resolved in the first instance. See Kardules v. City of Columbus, 95 F.3d 1335, 1346 (6th Cir. 1996). The related, and often conflated, doctrine of mootness has been described as "'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" Friends of the Earth, Inc. v. Laidlaw Environ. Servs., Inc., 528 U.S. 167, 189 (2000) (quoting Arizonans for Official English v. Arizona, 520 U.S. 43, 68 n.22 (1997)).

> The U.S. Supreme Court has held that "the irreducible constitutional minimum of standing contains three elements." First, the plaintiff must have suffered an injury in fact–an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of–the injury has to be fairly traceable to the challenged action of the defendant and not the result of the independent action of a third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Thompson v. American General Life and Accident Ins. Co., 404 F.Supp.2d 1023, 1027 (M.D. Tenn. 2005) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992)).

There is no dispute that Parnell's claim for indemnification for any damages awarded against Parnell in favor of Ring is moot, in light of Ring's voluntary dismissal of his

claims against Parnell. (Docket Entry No. 102) TRMT here challenges Parnell's standing to pursue his claim for declaratory and injunctive relief regarding TRMT's duty to defend Parnell against the claims of Ring, in light of the fact that the costs of his defense were at all times paid not out of Parnell's pocket, but by the City of Waverly's insuror, Tennessee Municipal League Risk Management Pool ("the Pool") under a reservation of rights. However, while Parnell may not stand to suffer personal, pecuniary loss by reason of the Pool insurance coverage for his defense, any concern over his injury-in-fact for purposes of constitutional standing is alleviated by the application of Fed. R. Civ. P. 17(a), which requires the "allow[ance] for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3). Here, the Pool has ratified and consented to join the third-party action by Parnell (Docket Entry No. 101 at 3, ¶¶ 6-8), and the jurisdictional requirements of standing at the third-party action's commencement and its lack of mootness to date are therefore satisfied.

III.

Regarding the propriety of this Court's continued exercise of jurisdiction, the Court notes that TRMT's argument by reference to the Motion of Humphreys County to Dismiss Cross Complaint (Docket Entry No. 93) is identical to its argument that the Court should decline to exercise its supplemental jurisdiction over Parnell's claim for recovery of his defense costs. In his cross-claim against Humphreys County, Parnell sought to recover damages pursuant to the Tennessee Governmental Tort Liability Act (TGTLA). Thus, Humphreys County had an argument that this Court's supplemental jurisdiction over such a

5

claim was defeated by the Tennessee legislature's vesting of "exclusive" original jurisdiction over TGTLA claims in the circuit courts of the state. Parnell's claim against TRMT is not made pursuant to the TGTLA, but is merely a contract claim over which no similar jurisdictional pronouncement has been made. Accordingly, the only argument in the Humphreys County motion which pertains to the instant, third-party complaint is the argument for declining to exercise supplemental jurisdiction as a matter of the Court's discretion.

As this Court explained in Hullett v. DeKalb County, Tennessee, 2012 WL 398288 (M.D. Tenn. Feb. 7, 2012), 28 U.S.C. § 1367(a) provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." This statute codified the principles set forth in United Mine Workers of Am. v. Gibbs, 383 U.S. 715 (1966), wherein the Supreme Court held that jurisdiction over a pendent state law claim is proper only when that claim and the federal claim(s) over which the court has original jurisdiction "derive from a common nucleus of operative fact," and are so closely related that the plaintiff "would ordinarily be expected to try all of them in one judicial proceeding." Gibbs, 383 U.S. at 725. However, even in the presence of such a close relationship, § 1367 goes on to allow that the exercise of supplemental jurisdiction is a matter of the court's discretion, as follows:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> > (1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

> Depending on a host of factors, then—including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims—district courts may decline to exercise jurisdiction over supplemental state law claims. The statute thereby reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity."

City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 173 (1997) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)).

Here, while there is no doubt that Parnell's third-party claim against TRMT is within this Court's supplemental jurisdiction because it is so related to Ring's federal claims against Parnell and Humphreys County as to form part of the same case or controversy, the exercise of such jurisdiction is subject to challenge due to the settlement and dismissal of all claims over which the Court had original jurisdiction. There is a general presumption that dismissal of all federal claims should result in declining to retain supplemental jurisdiction over pendent state claims. However, this presumption is weakened where the dismissal of the touchstone federal claim is not pursuant to motion under Fed. R. Civ. P. 12(b)(1) or (6). See Musson Theatrical, Inc. v. Federal Exp. Corp., 89 F.3d 1244, 1254-55 (6th Cir. 1996).

Moreover, the Court recognizes that this third-party, state law claim has been pending for over two years and has already been argued on its merits to this Court following the close of discovery -- factors which would tend to support retaining jurisdiction over the supplemental state law claim.  See Blakely v. U.S., 276 F.3d 853, 862-63 (6th Cir. 2002); see also Taylor v. First of Am. Bank-Wayne, 973 F.2d 1284, 1287 (6th Cir. 1992).  However, this Court's consideration of the pending summary judgment motions has been effectively stayed since June 2013, when the parties jointly moved for such a stay in order to allow for additional discovery, and thereafter when the parties agreed to attempt to mediate the case in a judicial settlement conference.  Nevertheless, declining jurisdiction at this point would in some respects thwart the interests of judicial economy, convenience, and fairness to Parnell.

However, the Court finds these factors outweighed by the fact that the continued exercise of jurisdiction over this third-party action would do harm to the interest of comity with the state judicial system.  "Parnell acknowledges that the Tennessee Mutual Aid statute on which he alternatively relies to make him an employee of the County, Tenn. Code Ann. § 58-8-109(c), has not been construed by the Tennessee courts."  (Docket Entry No. 98 at 13)  While Parnell presents the Mutual Aid statute argument as but one among several bases for deciding his third-party claim against TRMT (see Docket Entry No. 73; Docket Entry No. 109-1 at 16), it is clear that "Ring alleged facts which put Parnell squarely within the liability shifting provisions of Tenn. Code Ann. § 58-8-109(c)."  (Docket Entry No. 73 at 26; see Docket Entry No. 1 at 4, 8-9)  Moreover, the third-party complaint of Parnell, both as originally filed and as amended, pleads his case for coverage as an employee or volunteer of Humphreys County almost entirely on the basis of the applicable provisions

8

of the Mutual Aid statute. (Docket Entry No. 31 at1-5; Docket Entry No. 66 at 1-6) Section 103 of that statute, Tenn. Code Ann. § 58-8-103, provides that "[o]n and after July 1, 2004, the provision and receipt of mutual aid and assistance by participating governmental entities shall be governed by this chapter. . . ." That chapter establishes that

> [F]or liability purposes only, employees of the responding party are to be considered employees of the requesting party while performing their duties under this chapter at the scene of the occurrence or emergency or other locations necessary for the response while under the supervision of the requesting party. At all other times in the response, including traveling to the scene and returning to the employing jurisdiction, such employees are to be considered for liability purposes to be employees of the responding party.

Tenn. Code Ann. § 58-8-109. The Court does not believe that, in the exercise of the Court's discretion following the dismissal of all federal claims underlying this state law dispute, it would be proper to interpret and apply this state statutory scheme of apportioning liability among municipal insurers for a city and county of the state of Tennessee, in the absence of significant guidance from the courts of the state. "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

Accordingly, the Court will not retain supplemental jurisdiction over the third-party claim at issue here. This third-party action will be DISMISSED without prejudice to being re-filed in state court, where the parties may proceed with the benefit of the discovery and motions they have produced and filed before this Court.

An appropriate Order will enter.

**ENTERED** this 31st day of March, 2014.

                                                     s/ John S. Bryant
                                                    JOHN S. BRYANT
                                                    UNITED STATES MAGISTRATE JUDGE